**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY WILEY, SR., ) <br> ) <br>         Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> RALLS, et al. ) <br> ) <br>         Defendants. ) <br> ) | Case No. 1:10-cv-00506-AWI-JLT <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR A STAY <br><br> (Doc. 3) |

Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on March 22, 2010, along with a motion entitled, "Petition for (30) Day Stay Before Plaintiff Produces Requested Actions, Under the American [sic] with Disabilities Act." (Doc. 3.) The entirety of the motion is as follows,

> In respect to our courts and to the people I request the courts allow me at least 30 days to prepair [sic] the request the petitioner seek from the courts.

Id. The motion is DENIED.

**A.    Plaintiff has failed to outline why a stay of the matter is needed.**

Given the brevity of the motion, the Court is unable to understand what relief is requested, for whose benefit the relief is sought or why the stay is needed. For example, Plaintiff indicates that

1  "petitioner" needs time to prepare something that will support the request that he has made to the Court.
2  Assuming Plaintiff is referring to himself as the petitioner, this motion was filed with the complaint.
3  By definition, therefore, there had been no action requested of the Court by Plaintiff or any person
4  related to Plaintiff's complaint.  On the other hand, Plaintiff fails to outline what he is preparing or how
5  it relates to the Complaint or the Americans with Disabilities Act.

**B.     Plaintiff has failed to provide any basis upon which the Court may issue a stay.**

The Court has broad discretion to stay cases before it. <u>Clinton v. Jones</u>, 520 U.S. 681, 707 (1997) (citing <u>Landis v. N. Am. Co.</u>, 299 U.S. 248 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." <u>Landis</u>, at 254-255. In considering a motion to stay pending proceedings, the Court should consider, "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." <u>Rivers v. Walt Disney Co.</u>, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). Moreover, Plaintiff bears the burden of proving that the stay is needed. <u>Landis</u>, at 254-255.

As noted above, Plaintiff has failed to outline any reasoning that would support his request for the stay or to explain to the Court why the stay is needed.  Thus, the Court cannot determine any of the factors in Plaintiff's favor.   Therefore the motion to stay the matter is DENIED.

IT IS SO ORDERED.

Dated:   **April 29, 2010**                                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE