UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY WILEY, SR., | ) | 1:10-cv-00506-AWI-JLT |
| | ) | |
| Plaintiff, | ) | SUPPLEMENTAL FINDINGS AND |
| | ) | RECOMMENDATIONS DISMISSING |
| v. | ) | COMPLAINT WITH PREJUDICE |
| | ) | |
| RALLS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BACKGROUND**

Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 12, 2010, Plaintiff filed a new application to proceed in forma pauperis, according to the order of the Court. (Doc. 6). As requested by the Court, Plaintiff provided information in this amended motion about the value of his residence and his tools. He reported also that he received Supplemental Security Income ("SSI") benefits and has received these benefits since 1986. However, Plaintiff failed to disclose the amount of SSI benefits he receives on a monthly basis or the amount that he expects he will continue to receive. In addition, although Plaintiff stated that his wife was dependent upon him for support, he failed to indicate the amount of support he is required to provide her or explain why he must provide this support. Plaintiff failed to disclose also whether his spouse receives income and/or is receiving public benefits. Finally, Plaintiff did

1  not explain the source of the income that he will use to pay for the $140,000 home that he stated
2  was currently under construction.
3        On April 14, 2010, the Court detailed these deficiencies in his motion to proceed in forma
4  pauperis and ordered Plaintiff to submit a new complete, signed application or alternatively, pay
5  the $350 filing fee.  (Doc. 8).  The Court  granted Plaintiff 30 days to comply.  (Id.)  The Court
6  expressly warned Plaintiff that his failure to timely comply with the order would result in a
7  recommendation that this action be dismissed.

## DISCUSSION

9        Plaintiff was required to file his amended motion by May 17, 2010.  Nevertheless,
10  Plaintiff has failed to respond to the order.  Local Rule 110 provides that "[f]ailure of counsel or
11  a party to comply with these Rules or with any order of the Court may be grounds for imposition
12  by the Court of any and all sanctions authorized by statute or Rule or within the inherent power
13  of the Court."  District courts have inherent power to control their dockets and "in the exercise of
14  that power, they may impose sanctions including, where appropriate . . . dismissal of the case."
15  Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an
16  action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court
17  order, or failure to comply with local rules.  See e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
18  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,
19  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
20  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
21  comply with local rule requiring pro se plaintiff to keep court apprised of address); Malone v.
22  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
23  order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
24  prosecution and failure to comply with local rules).
25        In determining whether to dismiss an action for lack of prosecution, failure to obey a
26  court order, or for failure to comply with local rules, the Court must consider several factors,
27  including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to
28  manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less

drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali, 46 F.3d at 53.  "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Engineers Inc. v. Electrical Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

Applying these principles, the Magistrate Judge recommends that this action be dismissed for Plaintiff's failure to prosecute and follow the order of the Court.  On the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

Concerning the second factor, the Court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case.  The Court's limited resources must be spent on cases in which the litigants are actually proceeding.  Here, this case has been pending for nearly three months and it cannot proceed until Plaintiff either pays the filing fee or submits a proper application to proceed in forma pauperis.  His has failed to do either.  Thus, both the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor or dismissal.

Turning to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish, 191 F.3d at 991.  However, as noted, this case cannot proceed absent Plaintiff's paying the filing fee or filing a proper application to proceed in forma pauperis.  Moreover, a presumption of injury may arise from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1974).

As to the availability of lesser sanctions, the Court's order requiring Plaintiff to either file a new in forma pauperis application or pay the filing fee satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The order expressly stated that the failure to timely file a new in forma

3

pauperis application or pay the filing fee would result in a recommendation that the action be dismissed. Thus, Plaintiff received adequate warning that dismissal would result from noncompliance with the Court's order.

Finally, the last factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal just discussed.

**RECOMMENDATION**

Accordingly, the Magistrate Judge recommends that the complaint (Doc. 1) be DISMISSED, with prejudice, for failure to comply with the Court's order to file a new application to proceed in forma pauperis or, alternatively, pay the filing fee.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with a copy, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 14, 2010**                              /s/ **Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE